UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCISCO JAVIER MONTOYA ICAZA,

Petitioner,

v.

Case No. 2:26-cv-2637-KCD-NPM

FIELD OFFICE DIR. FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, *et al.*,

Respondents.

_______________________________/

**ORDER**

Petitioner Francisco Javier Montoya Icaza has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He was paroled into the United States in March 2023 at a port of entry. (Doc. 6 at 2.) His parole was terminated in March 2025. (*Id.*) Then, on August 24, 2026, ICE agents arrested him following a traffic stop. He has been in custody ever since because the Government claims he is subject to mandatory, no-bond detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 6.) Unwilling to wait behind bars indefinitely, Icaza filed this petition for a writ of habeas corpus, claiming that the

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Attorney General is holding him in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (Doc. 1.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Icaza, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026); *see Jean v. Ripa*, No. 2:26-cv-1390-KCD-NPM, 2026 WL 1429343, at *3 (M.D. Fla. May 21, 2026). And though Icaza's parole has expired, the same reasoning applies. *See Mendes v. Ripa*, No. 3:26-cv-118-JEP-PDB, 2026 WL 1396160, at *1 (M.D. Fla. May 19, 2026). Icaza is thus entitled to a bond hearing under § 1226.

Icaza seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Icaza is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Icaza with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Icaza also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Icaza with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on October 15, 2026.

Kyle C. Dudek
United States District Judge